# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TARAS JERMAINE WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-820 JMB |
| ) | |
| UNITED STATES DISTRICT COURT FOR ) | |
| THE EASTERN DISTRICT OF MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Taras Jermaine Wallace to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court will grant the application and waive the filing fee. Additionally, for the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**Background**

On November 15, 2018, a federal grand jury in the Eastern District of Missouri returned a three-count indictment charging plaintiff with possession with intent to distribute cocaine base, possession of a firearm in furtherance of that drug trafficking crime, and being a felon in possession of a firearm. *See United States v. Wallace*, No. 4:18-CR-970-JAR (E.D. Mo. filed Nov. 15, 2018).[1]

Plaintiff was originally represented in his criminal case by federal public defender Charles Banks. On July 6, 2020, however, plaintiff filed a *pro se* motion for new counsel. The Court granted the motion and appointed Level Littleton from the Criminal Justice Panel to represent plaintiff. After Littleton met one-on-one with plaintiff in the Crawford County Jail, he filed a motion for a psychiatric exam, which was granted. This psychiatric exam was held at the Metropolitan Correctional Center in Chicago, Illinois. *Id.* at ECF 130. After this psychiatric report was filed on May 14, 2021, Littleton moved for a private, independent, mental examination of plaintiff. Again, this motion was granted. *Id.* at ECF 136. This examination was conducted via Zoom with plaintiff being held at the Ste. Genevieve County Detention Center.

---

[1] A superseding indictment was returned on August 20, 2020 adding the factual allegations that plaintiff knew he had previously been convicted of a felony.

On October 26, 2021, after much briefing, expert opinions, and two competency hearings, the Court found that plaintiff was suffering from a mental disease or defect rendering him unable to understand the nature and the consequences of the proceedings against him or assist properly in his defense. *Id.* at ECF No. 147 at 2. The Court ordered that he be hospitalized to determine if he could be restored to competency. *Id.*

On February 27, 2023, the government moved to dismiss the indictment. After a conference on the motion, the Court granted the motion and dismissed the indictment pursuant to Rule 48(a). *Id.* at ECF No. 199.

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against this Court and several individuals involved in the prosecution and defense of his underlying federal criminal action, *United States v. Wallace*, No. 4:18-CR-970-JAR. He names as defendants the United States District Court for the Eastern District of Missouri; Amy E. Sestric, Assistant United States Attorney (AUSA); Paul Joseph D'Agrosa, AUSA; Charles Banks, Public Defender; and Levell Littleton, CJA Appointed Counsel.

For his statement of claim, plaintiff states in full:

1. What happened to you? Claim not to be a lawful, legal citizen
2. When did it happen? Sept 17, 2018
3. Where did it happen? St. Louis, Chicago, Atlanta, North Carolina
4. What injuries did you suffer? Dignity weight loss
5. What did each defendant personally do, or fail to do, to harm you? Release me and place me in a harmful[] situation, outside my state, knowingly my class of person

ECF No. 1 at 5.

On July 6, 2023, plaintiff filed another civil complaint on a Court-provided form, which the Court docketed as a supplement to his complaint. In this complaint he states, in full:

> 1. What happened to you? My federal case was dismiss[ed] from day one
> 2. When did it happen? Sept. 17, 2018
> 3. Where did it happen? 6300 Block Sherry Ave
> 4. What injuries did you suffer? Dignity, identity [theft] sent out of state twice for a psych evaluation
> 5. What did each defendant personally do, or fail to do, to harm you? Mistrial, court appearances stopped me from being relieved, fail to look at me as a citizen.

ECF No. 5 at 5.

For relief, plaintiff states:

> Two Tenth Amendment, my government name Taras Jermaine Wallace to be credited to be by me [illegible] myself, no legal counselor fulfill their obligation in a federal procedure against me for 6 years calendar[.] The United States Government signed a dismissal Nov. 15, 2018. My life back home, dignity

ECF No. 1 at 5.

On July 28, 2023, plaintiff filed a Memorandum for Clerk, which appears to address the course of his underlying criminal case. Several parts of the memorandum are unintelligible, for example:

> "I Taras Jermaine Wallace wasn't a convict[ed] felon and was not on any type of provision but the government had a criminal history. A civil court, solvent receipt of an old offense. At that time, a paid legal debt to Missouri. Bousley wasn't satisfied. I wasn't unlawful or illegal. Canon laws, Paul D'Agrosa also testified that I wasn't working HVAC. . . I was held in a prison hospital until June 20, 2023 no inmate number. To rejuvenate or track me, No ID at all. My professional life, Identified me and Canon law. But the scope of the prosecution was my general assembly. HVAC License."

ECF No. 6.

On August 11, 2023, plaintiff filed another supplement to his complaint and attached records from state court proceedings in the St. Louis City Circuit Court from 1992, 1995, 1997 and 2002. *See* ECF Nos. 7 and 8.

**Discussion**

Plaintiff's complaint is defective and subject to dismissal. Although he seems to allege that defendants twice violated the Tenth Amendment, he states no facts from which the Court could find any defendant violated the Tenth Amendment. Generally, the Tenth Amendment helps to define the relationship between federal and state governments. *See* U.S. Const. amend X. "Plaintiff cannot found a section 1983 claim on the Tenth Amendment because it is neither a source of federal authority nor a fount of individual constitutional rights." *White v. Dayton*, No. 11-cv-3702 (NEB/DJF), 2023 WL 21918, *14 (D. Minn. Jan. 3, 2023) (quoting *Stone v. City of Prescott*, 173 F.3d 1172, 1175 (9th Cir. 1999)). The Court will dismiss plaintiff's complaint to the extent it seeks to allege Tenth Amendment violations.

Additionally, neither the Court nor the attorneys plaintiff has named are subject to suit under 42 U.S.C. § 1983. First, as to plaintiff's claims against the Court and its AUSAs, these claims must be dismissed because such suit is barred by the doctrine of sovereign immunity. "Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020) (internal quotations omitted). Additionally, sovereign immunity also "bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). Plaintiff has not shown any waiver of sovereign immunity, and therefore the Court will dismiss these claims.

Plaintiff also cannot sue his public defender or his appointed counsel under § 1983. A defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that criminal defense attorneys "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983").

Plaintiff has pled no facts from which the Court could find any claim to relief that is plausible on its face. The Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED** and the filing fee is waived. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of August, 2023.